

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RALPH BURNS, § | |
|     Plaintiff, § | |
| § | |
| vs. § | |
| § | Civil Action No. 3:21-03710-MGL |
| SHERIFF LEON LOTT, *in his Official* § | |
| *Capacity as Sheriff of the Richland County* § | |
| *Sheriff's Office* and MELISSA S. PERRY *in* § | |
| *her respective individual capacity*, § | |
|     Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AS TO SECTION 1983 CLAIM, AND REMANDING THIS CASE TO STATE COURT**

    Plaintiff Ralph Burns (Burns) filed this action against Defendants Sheriff Leon Lott and Melissa S. Perry (Perry) (collectively, Defendants), alleging a cause of action under 42 U.S.C. § 1983 and state law claims for false arrest or imprisonment, gross negligence, malicious prosecution, and defamation.

    This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant Defendants' motion for summary judgment as to Burns's Section 1983 claim and remand this case to the Richland County Court of Common Pleas for consideration of his state law claims. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Reports on May 22, 2023. Burns filed his timely objection on June 5, 2023, and Defendants replied on June 23, 2023.

Burns's granddaughter accused him of ongoing sexual assault occurring in Richland County and Florence City and/or County. Although Florence officials chose not to prosecute Burns, Richland County officials—namely Perry, a Richland County Sheriff's Office investigator—charged and arrested Burns.

In Perry's affidavits to support her arrest warrants, she attested that the victim disclosed incidents occurring in Richland County during a forensic interview with the Metropolitan Children's Advocacy Center. She failed to include that the City of Florence Police Department had declined to prosecute Burns based on allegations made in the same interview.

A jury ultimately found Burns not guilty at trial.

Burns objects to the Magistrate Judge's determination that Florence officials' decision to refrain from prosecuting Burns was immaterial to the probable cause determination in Richland County. Defendants insist the Magistrate Judge properly concluded that Florence officials' and Perry's probable cause analyses were mutually exclusive considerations.

As explained by the Magistrate Judge, a plaintiff can maintain a Fourth Amendment Section 1983 claim if he proves an officer "deliberately or with a reckless disregard for the truth

2

made material false statements in [her arrest warrant] affidavit . . . or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." *Miller v. Prince George's Cnty.*, 475 F.3d 621, 627 (4th Cir. 2007) (internal quotation marks omitted).

By definition, any alleged incidents prosecuted in Richland County were distinct from alleged incidents that the victim stated occurred in Florence. Therefore, whether the Richland County charges were supported by probable cause was a separate inquiry from whether the allegations arising out of Florence were supported by probable cause. The Court thus agrees with the Magistrate Judge that Florence's decision declining to prosecute was immaterial to the existence of probable cause in Richland County.

The Court will therefore overrule this objection.

The parties fail to object to the Magistrate Judge's recommendation that, upon dismissal of the Section 1983 claim, the Court remand the other claims to state court. The Court will therefore adopt, without opposition, this portion of the Report.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Burns's objection, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Defendants' motion for summary judgment is **GRANTED** as to Burns's Section 1983 claim, and this case is **REMANDED** to the Richland County Court of Common Pleas for consideration of Burns's state law claims.

**IT IS SO ORDERED.**

Signed this 21st day of September 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE